J-S64014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC KEMP | : | |
| | : | |
| Appellant | : | No. 19 EDA 2017 |

Appeal from the PCRA Order November 18, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006120-2012

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 30, 2018**

Eric Kemp appeals from the November 18, 2016 order denying him PCRA relief.  We vacate the order and remand for reinstatement of Appellant's direct appeal rights.

A jury found Appellant guilty of possession with intent to deliver ("PWID") (marijuana), and acquitted him of firearm not to be carried without a license and carrying a firearm in public in Philadelphia.  On July 8, 2014, he was sentenced to one and one-half to three years of state confinement followed by five years probation.  Appellant did not file a post-sentence motion or a direct appeal.

On November 10, 2014, Appellant filed a timely *pro se* first PCRA petition alleging that he had learned that trial counsel had not filed the direct appeal he requested.  Appellant asked that he be permitted to file a direct appeal *nunc pro tunc*.  David Rudenstein, Esquire, was appointed to represent

Appellant in the PCRA proceedings. Counsel filed an amended PCRA petition on August 9, 2016, seeking restoration of Appellant's appellate rights *nunc pro tunc*, because trial counsel had not filed a requested direct appeal. Amended PCRA Petition, 8/9/16, at ¶8.

The PCRA court held an evidentiary hearing on November 18, 2016, at which time Appellant and PCRA counsel appeared *via* video teleconference. Appellant testified that he asked trial counsel to file an appeal after the verdict, and "[m]y lawyer had told me they was going to file it but never filed it." N.T., 11/18/16, at 18. On cross-examination, Appellant admitted that he was confused whether he asked for the appeal after the verdict, after sentencing, or both, but he knew he spoke to counsel about it face-to-face.

Trial counsel, Kaitlin Perry, Esquire, testified that she did not have a specific recollection of a conversation with Appellant in which he asked her to file an appeal. *Id*. at 30. She also could not recall conversations with or correspondence from Appellant's mother or grandmother, and her review of the file prior to the hearing did not evidence any such interactions. However, Attorney Perry described the procedure used in the Public Defenders' Office to designate that an appeal was requested. On each trial file, there is a box on the right-hand side where the date of trial is noted, the result, the date of sentencing, and the sentence imposed. Underneath that information, there is a section designated "Appeal," which consists of a "Yes" box and a "No" box. An "X" in the "Yes" box indicates that an appeal has been requested. Attorney

Perry testified that when she reviewed Appellant's file that morning, there was an "X" in the "Yes" box of the appeal section, indicating that an appeal had been requested. However, she had no recollection of making that mark, and it was not initialed or dated, as was her customary practice. On cross-examination, however, Attorney Perry confirmed that when the "Yes" box was checked, it meant that the client wanted to appeal, and further, that the box would be checked only after speaking with the client. *Id*. at 34.

The PCRA court properly characterized the issue as whether Appellant requested an appeal that counsel did not pursue. The court viewed it as a credibility determination, with Appellant saying he asked for an appeal, but offering nothing to substantiate that claim, and counsel testifying to the contrary. In finding Appellant's claim not credible, the court cited inconsistencies between Appellant's *pro se* pleading and his counsel's pleading, namely, that Appellant said he "reached out to the Court" about an appeal, and "[t]oday he claims that he spoke to [counsel]." *Id*. at 43. While acknowledging that there may have been "some confusion with the file in terms of something got checked," the court found that the marking on the file alone did not "show anything." *Id*. at 44. The court went on to find credible Attorney Perry's testimony that Appellant did not request an appeal, reasoning that it did not make any sense that counsel would not file the appeal. *See id*. ("I mean, why would she not do it? It doesn't make any sense."). The court

concluded that Appellant failed to meet the burden of establishing ineffective assistance of counsel, and denied his claim.

Appellant timely filed the instant appeal and he presents one issue for our review: "Did the PCRA Court err when [it] denied relief after [a] hearing, even though the Defendant/Appellant proved that he was entitled to relief?" Appellant's brief at 3.

In reviewing the denial of PCRA relief, we must decide whether the PCRA court's factual determinations are supported by the record and are free of legal error. *Commonwealth v. Brown*, 2018 Pa. LEXIS 5489, *32-33 (Pa. 2018) (citing *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011)). To the extent that the PCRA court's credibility determinations are supported by the record, they are binding on this Court. However, we apply a *de novo* standard of review to the PCRA court's legal conclusions. *Id*. We review the PCRA court's findings and the evidence of record in a light most favorable to the winner at the trial court level, herein, the Commonwealth. *Id*.

Appellant contends that he proved that counsel failed to file a requested direct appeal. It is well settled that when a lawyer fails to file a direct appeal requested by the defendant, the defendant is automatically entitled to reinstatement of his direct appeal rights. *Commonwealth v. Markowitz*, 32 A.3d 706, 714 (Pa.Super. 2011) (citing *Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1999) (holding "where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of

competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of Section 9543(a)(2)(ii).").  The claim is one of *per se* ineffectiveness, and the appellant need not demonstrate prejudice.  ***Roe v. Flores-Ortega***, 528 U.S. 470 (2000); ***United States v. Cronic***, 466 U.S. 648 (1984).  However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he made the request and that counsel disregarded it.  ***Commonwealth v. Bath***, 907 A.2d 619 (Pa.Super. 2006); ***see also Commonwealth v. Touw***, 781 A.2d 1250 (Pa.Super. 2001).

The law is well settled that, "[w]e are bound by the PCRA court's credibility determinations where there is record support for those determinations."  ***Commonwealth v. Johnson***, 966 A.2d 523, 539 (Pa. 2009) (quoting ***Commonwealth v. Abu-Jamal***, 720 A.2d 79, 99 (Pa. 1998)).  In finding that Appellant failed to carry his burden of proving that he asked counsel to file an appeal, the PCRA court credited the Commonwealth's representation that Appellant's averments in his *pro se* petition were inconsistent with counsel's amended petition.  ***See*** N.T., 11/18/16, at 43 ("[H]is pleading is inconsistent with what his counsel's pleading.  In the *pro se* pleading, he says he reached out to the Court.  Today he claims that he

spoke to [Attorney] Perry after the verdict, after the verdict was rendered, and there's nothing to establish any of that."). However, the record fails to support the PCRA court's finding of an inconsistency in Appellant's pleadings. In both the *pro se* petition and in the Amended Petition, it was averred that Appellant requested **trial counsel** to file an appeal. Appellant pled in his *pro se* petition that:

> After my trial, I requested attorney Kaitlin E. Perry, to file a[n] appeal to the PA. Superior Court, appealing the wrongful conviction. At which time, Ms. Perry stated she would do so. After speaking with my family and a prison legal scribe, I later found that there was never any such appeal filed on my behalf.

*Pro se* PCRA Petition, 11/20/14, at 3. In his counseled petition, counsel consistently averred that Appellant "instructed trial counsel to file a Notice of Appeal, but that counsel failed and refused to do so." Amended PCRA Petition, 8/9/16, at ¶8.

The PCRA court also found that "trial counsel testified credibly when she stated that Defendant did not request [s]he file a notice of appeal, either orally or in writing." PCRA Court Opinion, 12/18/17, at unnumbered 4. However, Attorney Perry did not testify that Appellant did not request an appeal. Rather, she testified only that she did not have a specific recollection of a conversation with Appellant during which he asked her to file an appeal. N.T., 11/18/16, at 30. Since the PCRA court's determination was based upon an overstatement of counsel's testimony, we are not bound by it.

Attorney Perry testified that when a defendant asks for an appeal, it is the practice of the Philadelphia County Public Defender's office to place an "X" in the appeal box on the file marked "Yes." She confirmed that there was an "X" in the box on Appellant's file designating that an appeal was requested. While Attorney Perry did not have any recollection of making the mark, and it did not bear her initials, she offered no explanation as to why the file indicated that an appeal had been requested in the absence of such a request.

Thus, we find that the record does not support the PCRA court's findings. Appellant's pleadings were consistent. The court's finding that Appellant did not request an appeal, purportedly based upon Attorney Perry's testimony to that effect, is not borne out by the record. Attorney Perry testified only that she could not recall Appellant requesting an appeal. Appellant's trial file in the Public Defenders' Office, which contained a notation that an appeal was requested, corroborated Appellant's claim, especially in the absence of contrary testimony from counsel.

In conclusion, we find that the record before us does not support the PCRA court's findings. Accordingly, we vacate the order denying relief, and remand to the PCRA court for entry of an appropriate order reinstating Appellant's direct appeal rights *nunc pro tunc*.

Order vacated. Case remanded for an order reinstating the right to file a direct appeal with assistance of counsel. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/18